UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| TREVOR SCOTT RAY,<br><br>Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondant. | 5:18-CV-05033-JLV<br><br>ORDER DENYING TREVOR RAY'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>Docket No. 22 |

This matter is pending before the court on movant Trevor Scott Ray's motion to vacate, correct, or set aside his criminal conviction and sentence pursuant to 28 U.S.C. § 2255. Mr. Ray's motion contains allegations of ineffective assistance of his trial counsel in the underlying criminal matter. This matter has been referred to this magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and the October 16, 2014, standing order of Chief United States District Judge Jeffrey L. Viken.

Currently the posture of the case is that Mr. Ray filed an attorney-client waiver that was qualified by the phrase "under duress" which Mr. Ray added to the waiver form. Counsel for respondent the United States of America

("government") informed the court that Mr. Ray's former defense counsel was reluctant to provide the government an affidavit addressing Mr. Ray's ineffective assistance of counsel claims without an unqualified waiver of the attorney-client privilege. See Docket No. 13.

In response, the court issued an order to show cause instructing Mr. Ray to file an unqualified waiver of attorney-client privilege or his ineffective assistance of counsel claims will be dismissed. See Docket No. 15. As of the writing of this order, Mr. Ray has not yet done so. The order to show cause set a deadline of July 9, 2018, for Mr. Ray to file an unqualified waiver. Therefore, given this sequence of events, it is at this time undetermined if Mr. Ray's ineffective assistance of counsel claims will be considered by the court.

This habeas corpus matter is pending pursuant to 28 U.S.C. § 2255. "There is no recognized constitutional right under the Sixth Amendment for the appointment of counsel in habeas corpus cases." Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994). Because a habeas action is civil in nature, the Sixth Amendment right to counsel which is applicable in criminal proceedings does not apply. Id.

The statutory basis for the appointment of counsel in a habeas case is found at 18 U.S.C. § 3006A(a)(2)(B) and Rules 6(a) & 8(c), Rules Governing Section 2255 Cases in United States District Courts, 28 U.S.C. foll. § 2255. Those statutes provide in relevant part:

**18 U.S.C. § 3006A(a)(2)(B):**

(2) Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person whoB

\*\*

(B) is seeking relief under section 2241, 2254, or 2255 of title 28


**Rule 6(a):**

If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. ' 3006A.


**Rule 8(c):**

If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. ' 3006A . . . These rules do not limit the appointment of counsel under ' 3006A at any stage of the proceeding.

The appointment of counsel in a habeas case is discretionary when no evidentiary hearing is necessary. Hoggard, 29 F.3d at 471 (citations omitted). "In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors." Id. Most importantly, "where the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel."

In this case, it is not yet determined which of Mr. Ray's claims will be considered on their merits, let alone whether an evidentiary hearing is

warranted on any claims. Should this court determine subsequently that Mr. Ray has claims which require the holding of an evidentiary hearing, the court will appoint counsel at that time. At the present time, the motion is premature. Accordingly, it is hereby

ORDERED that the motion for court-appointed counsel by Trevor Scott Ray [Docket No. 22] is denied.

DATED this 29th day of June, 2018.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge