UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| TREVOR SCOTT RAY, | * | CIV 18-5033 |
| Petitioner, | * | |
| vs. | * | MEMORANDUM OPINION |
| | * | AND ORDER |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Petitioner Trevor Scott Ray filed an Amended Motion to Vacate, Correct or Set Aside Sentence pursuant to 28 U.S.C. § 2255. (Doc. 18). The United States has responded and moved to dismiss. (Doc. 62). Defendant filed a response. (Doc. 69). In his motion Ray raises a number of claims of ineffective assistance of counsel against both trial and appellate counsel and a claim of "fraud on the court." For the reasons set forth below, the motion is denied.

**BACKGROUND**

On March 17, 2015, Trevor Scott Ray was indicted on charges of conspiracy to distribute a controlled substance, 21 U.S.C. §§ 846, 841(a)(1) and distribution of a controlled substance, 21 U.S.C. §§ 841(a) and 841(b)(i)(B). Superseding indictments on May 19, 2015, and June 9, 2015, included an additional charge of possession of a controlled substance, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 18

1

U.S.C. § 2. A jury convicted Ray of all charges on June 19, 2015, and he was sentenced to 180 months. The Eighth Circuit affirmed his conviction on May 22, 2017, rejecting his claims that the evidence was insufficient. *United States v. Ray,* 690 Fed. Appx. 438, 439 (8th Cir. 2017). Ray filed a motion for new trial (5:15-cr-50043, Doc. 124) on June 13, 2017, raising claims of attorney and government misconduct, conflict of interest of attorneys, and denial of the right to counsel of choice. Judge Viken denied the motion, ruling that defendant had not produced new evidence in accordance with the standard of Rule 33. (Id., Doc. 136). He determined that defendant's evidence of a purported scheme by defense and government counsel was not new, not material, and would not have resulted in defendant's acquittal. (Id., PgID 1433). He further determined that any possible conflict of interest in this alleged scheme was not relevant because it did not affect the counsel who represented him at trial. (Id., PgID 1435). Finally, he ruled that the counsel who represented defendant at trial was qualified to do so, and rejected Ray's motion for new trial on this ground. *United States v. Ray,* 2019 WL 529300 (D. S.D. 2019). The Eighth Circuit affirmed, finding the district judge did not abuse discretion in denying the motion. *United States v. Ray,* 788 Fed. Appx. 1041, 1042 (8th Cir. 2019).

## DISCUSSION

2

A number of principles apply in addressing claims of ineffective assistance of counsel. An individual making a claim of that nature must first show that counsel's performance was deficient, meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984*); Collins v. United States*, 28 F.4th 903, 906 (8th Cir. 2022). The individual also must show "prejudice," meaning "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland,* 466 U.S. at 687. That is, petitioner must show "a reasonable probability that ... the result of the proceeding would have been different." *Id.* at 693-94. A court does not review counsel's performance with a "checklist," and is highly deferential in evaluating it. *Id.* at 688-89. There is a presumption that counsel's performance is within the reasonable range of professional assistance and that counsel's actions were "sound trial strategy." *Id.* at 689. Strategic decisions are "virtually unchallengeable" unless they resulted from inadequate investigation. *Id.* at 690. See also *Meza-Lopez v. United States*, 929 F.3d 1041, 1044-45 (8th Cir. 2019); *Chavez-Cruz v. United States*, 2018 WL 2383156, *2 (D. S.D. 2018); *Pippenger v. United States*, 2012 WL 3206244, *1 (D. S.D. 2012).

The *Strickland* standard applies not only to trial, but to the first appeal as of right. *Evitts v. Lucey*, 469 U.S. 387, 396-97, 105 S.Ct. 830, 836, 83 L.Ed.2d (1985); *Pippenger*, 2012 WL 3206244, *1.

## PETITIONER'S MOTION

A. Ray's Ground I—Ineffective assistance of Counsel

    *1. Ineffective Assistance of Counsel—failed to move for mistrial*

Ray argues counsel's performance was deficient when he failed to move for a mistrial when "extraneous influences" were brought before the jury. These alleged extraneous influences were Ray's brother and another man making motions during a witness's testimony. The trial judge observed the conduct, and in a sidebar asked counsel for the government and defense to address whether a response was appropriate. Counsel apparently agreed that instructing the jury, which may not have observed the conduct, would garner unwanted attention to the matter. (Doc. 64, PgID 352-53). The trial judge asked one of the prosecutors to advise the individuals to cease the behavior, and did not instruct. There is no indication the individuals engaged in any further conduct of concern.

Issues of possible spectator misconduct have arisen in many contexts. See *Remmer v. United States*, 347 U.S. 227, 229, 74 S.Ct. 450, 96 L.Ed. 654 (1954) (unauthorized contact with juror). In *Garcia v. Bertsch*, 470 F.3d 748, 754-56 (8th Cir. 2006), for example, two or three jurors spoke to the victim's family. Absent

4

any indication of the content of the conversation, defendant failed to prove actual prejudice from counsel's failure to report the contact. *Id.*   In *United States v. Brown*, 923 F. 2d 109, 111-12 (8th Cir. 1991), the court addressed the problem of a spectator staring at the jury and concluded the conduct did not trigger a presumption of prejudice.  Staring to intimidate jurors also was at issue in *Ibarra v. Ludwick*, 2019 WL 12021756 (S.D. Iowa 2019) (adopting report and recommendation) (certificate of appeal dismissed 2019 WL 12336488 (8th Cir. 2019)).  The court determined no evidence suggested the spectator's conduct influenced the jury, the matter was addressed by the trial court, and no prejudice was established.  2019 WL 12021756, *8.

Furthermore, as many courts have noted, "courts give great deference to counsel's informed strategic decisions." *PIppenger,* 2012 WL 3206244, *3 (citing *Middleton v. Roper*, 455 F.3d 838, 848-49 (8th Cir. 2006); *Laws v. Armentrout*, 863 F.2d 1377, 1393 (8th Cir. 1988)).  In the present case, counsel's decision not to highlight the issue by asking for a mistrial or instruction was a strategic decision that was reasonable under the circumstances:  no juror raised the issue; there was no indication the jurors saw the conduct; counsel cautioned the individuals to make no further hand motions; there was no indication of further activity by these spectators.  Counsel chose not to draw additional attention to the spectators' conduct, which can be reasonable trial strategy. *Chavez-Cruz*, 2018 WL 2383156,

*3. Counsel's performance was not deficient under *Strickland*. Likewise, there was no prejudice to defendant, particularly given the lack of any evidence the jurors saw the conduct.

*2. Ineffective assistance of counsel—failure to raise an issue of denial of counsel of choice involving an attorney who represented Ray previously*

Ray argues his counsel should have argued Ray was denied counsel of choice when his previous attorney (Rusch) introduced him to the brother of another attorney (Rensch) and that the non-attorney brother later was implicated in illegal activity. Ray argues this created a conflict that kept him from having Rusch represent him, and that somehow, misconduct was afoot when Rusch declined to represent him. This argument misapprehends the term "counsel of choice"--that term does not mean Ray would necessarily be able to retain his prior counsel for his criminal case. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 146-48, 126 S.Ct. 2557, 2562-64, 165 L.Ed.2d 409 (2006) (discussing parameters of right to counsel of choice). As the Supreme Court explained in *Wheat v. United States* in discussing the right to counsel of choice, the "essential aim" of the Sixth Amendment is to:

> guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers (citations omitted)....The Sixth Amendment right to choose one's own counsel is circumscribed in several important respects. Regardless of his persuasive powers, an advocate who is not a member of the bar may not represent clients (other than himself) in court. Similarly, a defendant may

6

> not insist on representation by an attorney he cannot afford or who for other
> reasons declines to represent the defendant. Nor may a defendant insist on
> the counsel of an attorney who has a previous or ongoing relationship with
> an opposing party, even when the opposing party is the Government.

*Wheat,* 486 U.S. 153, 160, 108 S.Ct. 1692, 1697, 100 L.Ed.2d 140 (1988).

Myriad reasons exist for counsel not to represent someone in a criminal case. It

was not deficient performance for Ray's trial counsel to forego raising this as an

issue "to preserve it for appellate review," as Ray now asserts. (Doc. 18, PgID

117).

Furthermore, Ray relies on "information and belief" to assert that the Rensch

Law Firm paid the legal fees of the brother of the Rensch Law Firm's partner, and

negotiated for the brother to testify against Ray, the firm's former client. The

Court takes such an allegation seriously. The allegation was raised in Ray's motion

for new trial, in which he alleged outrageous government misconduct, conflicts of

interest by counsel, and denial of counsel. (5:15-cr-50043, Doc. 136). As

described by the court in that filing, Ray "alleges the government interfered with

his attorney-client relationship and collaborated with his attorney…to build a case

against him in exchange for not developing a case against…the brother of one of

the attorneys in a law firm Mr. Ray used for his personal business." (Id., PgID

1428). The court considered the evidence in support of the theory, including a

letter from an attorney laying out such a conspiracy theory in a related case. (5:14-

cr-50100, Doc. 225, Ex. 7). This Court takes judicial notice of a court filing in the

habeas case following conviction in that criminal case, in which the attorney
repudiated the letter. (5:20-cv-5039, Doc. 40).  The attorney's justification for
drafting its damaging allegations was that he was putting in writing his client's
conspiracy theories. (Id.)  In any event, Ray's motion for a new trial was denied.
2019 WL 529300 (D. S.D. 2019).  The Eighth Circuit affirmed, finding the trial
judge did not abuse discretion in denying the motion for new trial.  788 Fed. Appx.
1041 (8th Cir. 2019).

Ray's allegations of attorney misconduct were resolved against him in his
motion for new trial, which was affirmed by the Eighth Circuit.  This Court has
examined the allegations as well, in an effort to ascertain whether any newly-
discovered relevant evidence supports Ray's claim.  There is no such evidence, and
the court determines counsel's performance was not deficient under *Strickland* for
failing to raise a motion concerning attorney misconduct.  The Court further finds
Ray suffered no prejudice, given that raising such a motion would have had no
impact on the verdict.  Finally, Ray's claim is barred, given that the Eighth Circuit
considered it and resolved it against him.

### 3. Ineffective assistance of counsel—failure to investigate documents and interview witnesses

Ray alleges counsel was ineffective in not investigating supposedly forged
documents and interviewing witnesses.  Counsel's response is that he did review

8

documents with Ray and with at least one other witness, and that he did interview witnesses (Doc. 50, ¶ 7). Counsel added that his interviews developed additional incriminating evidence against Ray, and he elected not to pursue certain lines of questioning in detail. (Id.)

Counsel's strategy of minimizing damage to his client based on evidence gleaned from witnesses was reasonable. *Meza-Lopez*, 929 F.3d at 1044-45. Ray has not established that counsel's performance was deficient under *Strickland.*

### 4. Denial of due process—late disclosure of exculpatory material

Ray alleges he was denied due process in violation of the Fifth Amendment. He claims the government used "perjured testimony and fictitious business records" which establishes "prejudice" due to "a fraud upon the court" being perpetrated, and this was connected to deficient performance by counsel. Ray's allegations appear to be related to his averments immediately above but are not supported with any evidence. He alleges a violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

It is true that the government provided documents to the defense in the midst of trial as reflected in the transcript. Both the defense and Government agree defense counsel did not request a continuance and stated to the court that he would review the documents that evening in preparation for his cross-examination of a witness the next day. Counsel raised no objection when trial resumed that he was

9

unable to review the material. (Doc. 50, ¶ 7). Ray alleges the documents were

"false" in some way but there is no evidence to support that they were exculpatory

or that the outcome of trial would have been different had they been given to

defense counsel earlier.

Ray did not raise this claim on direct appeal, and to that extent his claim is

procedurally barred. See, e.g., *Feather v. United States*, 2020 WL 5517198, *3 (D.

S.D. 2020) (§ 2255 is reserved for "transgressions of constitutional rights" and

certain injuries that could not have been raised on direct appeal). Furthermore, he

has not established that he is actually innocent. *Bousley v. United States*, 523 U.S.

614, 622 (1998).

### 5. *Denial of equal protection*

Ray claims the trial court "allowed" a witness against Ray to commit perjury

(Doc. 18, PgID 129), and this denied him equal protection. The Court discerns no

equal protection violation. The claim appears to be grounded in a general

allegation of unfairness, and this Court discerns none: the case was tried to a jury

which issued a guilty verdict; the judge was careful in ruling on issues that arose;

counsel for the defendant was qualified and rendered performance that was not

deficient under *Strickland*.

The Court further notes that the trial judge in this case did not "allow" a

witness to commit perjury. The trial judge held a sidebar to determine whether a

witness had violated a sequestration order and determined it did not occur (Doc. 50, ¶ 8). Counsel then had no basis to impeach on this issue. (Id.) Contrary to Ray's assertion, the judge did not "allow dishonest testimony" and did not thereby "co-sign for the witnesses credibility." (Doc 18., PgID 129). If there was an inconsistency in the witness's testimony, the jury could consider it in the context of witness credibility. Contrary to Ray's claim, he did not suffer prejudice in this context, given the judge's inquiry and counsel's appropriate response.

*6. Ineffective assistance of counsel for failure to object to chain of custody*

As in indicated in the trial transcript and defense counsel's affidavit, (Doc. 50, ¶ 9), counsel did cross-examine on chain of custody. A law enforcement officer testified that an evidence bag was used and that he wrote the name of the custodial officer on the bag. This was not a forged signature. The witness explained that it was merely a means of identifying the officer in charge of the evidence. The witness explained that the officer who seized the evidence sealed the bag and put his signature on the seal. Counsel challenged the procedure through at least two witnesses. His performance was not deficient under *Strickland.*

*7. Ineffective assistance of counsel for failing to file a motion to suppress evidence*

Methamphetamine was seized from a car and storage locker and was introduced into evidence against Ray. Ray argues a motion to suppress should

11

have been filed, even if it was futile, to educate the defense about the government's case and provide "grist" for cross-examination (Doc 18., PgID 131). Ray's trial counsel addressed this averment by responding that Ray wanted the trial held as quickly as possible in hopes of catching the government unprepared, and therefore wanted no delays including one that would be occasioned by a motion to suppress. (Doc. 50, ¶ 10). Counsel also asserted he discussed this with Ray, and they agreed appropriate trial strategy was to demonstrate Ray had no connection with the seized evidence. (Id.) This was the strategy ultimately pursued throughout trial.

Ray offers no evidence to suggest a motion to suppress would have been successful, and apparently recognizes the futility of raising one. (Doc. 18, PgID 130). Therefore, counsel's performance in not raising such a motion was not deficient. Ray suffered no prejudice because there is no indication the motion would have been successful or that the outcome of his trial would have been different.

### 8. Ineffective assistance of counsel in not asking for a jury instruction regarding conspiracy

To prove a conspiracy, the government must establish "(1) the existence of a conspiracy with an illegal purpose, (2) that the defendant was aware of that conspiracy, and (3) that he knowingly became a part of it." *United States v. Ramirez*, 350 F.3d 780, 783 (8th Cir. 2003) (cleaned up). Furthermore, there must

be an agreement with "at least one other person." *Id.* The conspiracy may be proved by circumstantial evidence and inferences from relevant conduct. *Id.* The *Ramirez* court also ruled the statements of defendant could be considered even if made during a controlled buy because they showed his involvement in a wider conspiracy and knowledge of the drug distribution from past purchases from defendant. *Id.*

Ray's defense counsel requested a jury instruction that describes the buyer-seller relationship rather than a conspiracy to distribute a controlled substance (5:15-cr-50043, Doc. 28, Proposed Instr. 2). The trial judge declined to give it, but instructed broadly on conspiracy at Instructions 6, 8, 9. (Id.) The Court has reviewed the jury instructions given on conspiracy and determines they accurately and adequately explain the applicable law. Counsel did not render deficient performance under *Strickland* with respect to his handling of instructions.

Ray argues counsel should have asked the court to instruct that for a conspiracy conviction, the government must prove defendant conspired with someone other than a government agent. Ray argues two of the alleged co-conspirators were informants. As defense counsel has noted in his affidavit, during part of the pertinent timeframe one of the informants was acting on his own without the knowledge of law enforcement (Doc. 50, ¶ 11). The other individual named by Ray was apparently not an informant. (Id.). Furthermore, as counsel

13

states, there was "no factual basis" to ask for the instruction Ray claims should have been given. (Id.).

Equally, if not more, important is that Ray raised insufficient evidence as the basis for his direct appeal. In rejecting his claim that the evidence was insufficient to support the conspiracy conviction, the Eighth Circuit addressed the role of the two individuals Ray claims were informants that would have justified an additional instruction. *Ray,* 690 Fed. Appx. at 442. The court discussed the conduct of these individuals at length, and made clear their involvement was as co-conspirators. *Id.* Ray did not challenge the jury instructions specifically in his appeal, and to that extent his claim is procedurally barred. *Bousley*, 523 U.S. at 622; *Feather*, 2020 WL 5517198**.**

> *9. Ineffective assistance of counsel for failing to object to ten instances of witnesses stating facts not in evidence, amounting to deficient performance*

Ray challenges counsel's performance relating to six instances of references to keys; lack of foundation for Exhibit 12A; failing to object to a witness not on the witness list; failing to object to a "forgery" on an evidence bag; and an erroneous reference to the owner of a car. Ray argues the cumulative effect of these errors resulted in prejudice.

The Court has addressed several of these issues above, in claims Ray raised separately. As to the remaining claims, the Court first states that counsel has an

obligation of candor to the court. *Nix v. Whiteside,* 475 U.S. 157, 169, 106 S.Ct. 988, 995, 89 L.Ed.2d 123 (1988). Counsel answered truthfully that he was not surprised when the government called a witness not on the witness list. This did not amount to deficient performance by counsel.

The Court has resolved that there was no "forgery" presented to the trial court, and therefore, no deficient performance from not objecting to any purportedly "forged" documents.

The foundation for Exhibit 12A was laid by government witnesses after defense counsel objected. The foundation was sufficient at identifying the item and chain of custody. Counsel's performance was not deficient in failing to renew the objection.

Ray misstates the evidence when he fails to recognize defense counsel's use of the term "supposedly" when referring to keys to the Corvette. (Doc. 18, PgId 136). The Court discerns no error in counsel for both sides referring to "Ray's Corvette" rather than to "the Corvette Ray was driving" when arrested. Any reference to "Ray's keys" clearly means the keys to the car Ray was driving, rather than to his ownership of the car.

The Eighth Circuit addressed the key to the storage unit in Ray's direct appeal. The court concluded the evidence was sufficient to convict Ray of

possession of the methamphetamine in the storage unit, because he constructively possessed the methamphetamine. The court stated: "When arrested, Ray had in his possession a key to the storage unit, as well as drug paraphernalia and more than $9,000 in cash." *Ray*, 690 Fed. Appx. at 444. The court noted he had obtained access to the storage unit previously, and also recognized that Ray did not have exclusive possession of the unit because another person also had a key. Nevertheless even though Ray did not have "exclusive" dominion and control over the unit, he did have possession of its contents given his cooperation with that other person. *Id.* at 443-44.

To the extent there was any confusion or misstatement by a witness, there is no evidence of misconduct as Ray asserts is similar to that in *Berger v. United States,* 295 U.S. 78 (1935). Furthermore, if there was deficient performance in failing to object to a witness's misstatement, there is no evidence Ray was prejudiced.

B. Ray's Ground II—Fraud Upon the Court

Ray raises a challenge to the court's jurisdiction based on a "sovereign citizen" theory. His argument has no basis. Such arguments have been determined to be "without merit" and "patently frivolous. *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992). See also *United States v. Hart,* 701 F.2d 749, 750 (8th Cir. 1983) (appeal arguing lack of jurisdiction over "sovereign citizen" was

"frivolous"); *United States ex rel. Goldsmith v. Schreier*, 2012 WL 4088858, *4 (D.S.D. 2012) (holding "sovereign citizen" theory "patently frivolous"). His motion for relief based his Ground II is denied.

C.  Ray's Ground III—ineffective assistance of appellate counsel

Ray argues in his Ground III that appellate counsel was ineffective for failing to "argue all of the above grounds for relief on first direct appeal." (Doc. 18, PgID 141). The Court interprets this to mean all of the issues in Ray's Grounds I and II previously discussed in this Memorandum. As appellate counsel has indicated, he did not raise any issues concerning ineffective assistance of counsel because that issue is properly dealt with postconviction. (Doc. 40). Counsel also expressed that he did not perceive any "fraud on the court" and was unfamiliar with a "BAR attorney" that Ray discusses in Ground II of his petition. (Id.). The Court determines counsel's performance was not deficient in determining there were no issues for appeal in Grounds I and II and Ray suffered no prejudice.

Ray also asserts appellate counsel erred "when at sentencing the enhancements on the P.S.R. were argued and they failed to argue them on appeal." (Doc. 18, PgID 141). Ray's counsel for sentencing filed ten objections to the presentence report and argued them at a lengthy sentencing hearing before Judge Viken. (Doc. 105, 115). Two of the counts of conviction required minimum

sentences of ten years.  Ray was sentenced to 180 months, which was a variance

from the sentencing guidelines which authorized a maximum of life in prison.  Ray

had requested a reduction in his base level offense which would have authorized a

sentence of 168-210 months and the sentence imposed was at the low end of that

request.  Counsel argued against the enhancements for possession of a firearm, use

of violence, maintaining a place for manufacture and distribution of drugs, role in

the offense and obstruction of justice.  (Id.).

Appellate counsel's affidavit indicates he considered each of these issues in

preparing his appeal and concluded they should not be raised.  On the firearm

issue, the judge overruled the objection to the enhancement based on his

observation of trial testimony on the issue.  (Doc 40, PgID 226).  Likewise, the

court overruled objections for the same reason to the enhancements for use of

violence (id., PgID 227), obstruction (id., PgID 229), and role in the offense (id).

Counsel was not ineffective in concluding an appeal on these issues would be

fruitless, given the testimony and the judge's observations at trial. Counsel also

relied on the Eighth Circuit's affirmance of Ray's conviction, (id., PgID 227), as a

basis for not appealing the maintaining a place for manufacture and distribution of

drugs, given the court's holding that Ray constructively possessed the drugs in the

storage unit.  *Ray*, 690 Fed. Appx. at 443-44.  Once again, counsel made a strategic

decision that the issue would not be successful on appeal, and that strategic decision did not amount to deficient performance.

As noted, counsel did appeal issues he thought would be the strongest bases for appeal. He challenged the sufficiency of the evidence for the conspiracy count, arguing that at most, the Government had established a buyer-seller relationship. He argued the evidence was insufficient to establish that Ray distributed drugs to another person, on the theory that person's testimony was unreliable as a matter of law. He argued the evidence was insufficient to establish possession of methamphetamine found in a storage unit rented by another person. The Eighth Circuit affirmed the conviction, addressing these arguments in detail. *Ray*, 690 Fed. Appx. 438.

Ray was entitled to effective assistance of counsel on appeal. *Evitts,* 469 U.S. at 396-97; *Pippenger*, 2012 WL 3206244, *1. He has not established that appellate counsel's performance was deficient. Likewise, he has not shown that he was prejudiced, meaning that there was a reasonable probability of a different outcome.

D. Evidentiary Hearing

Petitioner has requested an evidentiary hearing. The Eighth Circuit has determined that a court resolving a § 2255 motion need not conduct an evidentiary hearing if the petitioner is not entitled to relief even if the allegations are true, or if

the allegations cannot be accepted as true because they are "contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Guzman-Ortiz v. United States*, 849 F.3d 708, 715 (8th Cir. 2017) (quoting *United States v. Sellner*, 773 F.3d 927, 929-30 (8th Cir. 2014)). See also *Chavez-Cruz*, 2018 WL 2383156, *5.

Here, an evidentiary hearing is not required. As the Eighth Circuit has noted, a petition with numerous claims does not demonstrate that habeas relief is warranted simply based on the number of allegations. *Winters v. United States*, 716 F.3d 1098, 1103 (8th Cir. 2013). In this case, the Court has extensive information and can determine from the § 2255 motion and the supporting record that Ray is not entitled to habeas relief.

## CERTIFICATE OF APPEALABILTY

A petitioner may not appeal the denial of a § 2255 motion unless the district court issues a certificate of appealability. *Miller-El v. Cockrell,* 537 U.S. 322, 335 (2003). A certificate is authorized "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(2). The Supreme Court has instructed that a "substantial showing" exists where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong*." Slack v. McDaniel*, 529 U.S. 473, 484 (2000). See generally *Chavez-Cruz*, 2018 WL 2383156, *5; *Pippenger,* 2012 WL 3206244, *5.

20

Ray has not complied with this standard by showing that the district court's resolution of his claims is "debatable or wrong." Therefore, a certificate of appealability will not issue.

Accordingly, IT IS ORDERED:

1.  That Trevor Scott Ray's Amended Motion to Vacate, Correct or Set Aside Sentence pursuant to 28 U.S.C. § 2255, Doc. 18, is denied.

2.  That the United States of America's Motion to Dismiss, Doc. 62, is granted.

3.  That Petitioner Ray's Motions Doc. 39, 41, 45, 49, 52, and 65, are denied.

4.  That a Certificate of Appealability is denied.

Dated this __ day of May, 2022.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK